## RAY vs. WRAGG ET AL.

### [BILL IN EQUITY TO FORECLOSE MORTGAGE.]

1. *Mortgage; language in case at bar; to what held not to apply.*—A mortgage of lands which conveys the property generally, and in the conditional part empowers the mortgagee "to take possession of said property, reserving alone the amount of land which the law exempts as a homestead," and the same to sell, &c., does not convey the homestead nor authorize a decree of foreclosure against it.

2. *Homestead; how set apart.*—The quantity and value of the land to be set apart should be ascertained from §§ 2880, 2884 of the Revised Code, notwithstanding the mortgagor had become bankrupt, and had purchased the property, subject to the mortgage at sale by his assignee in bankruptcy.

APPEAL from chancery court of Lowndes.
Heard before Hon. ADAM C. FELDER.

The bill was filed by the appellees to foreclose a mortgage of lands. It charged that on default of payment of the debts secured, the mortgagee was to take possession of the property conveyed, "except alone that which the law exempted as a homestead, and to sell the same," &c. The mortgage was attached to the bill as an exhibit, and made a part of it. It further charged that the mortgagor, the appellant, became bankrupt after the execution of the mortgage, and at his assignee's sale of the property, purchased it, subject to the rights of the mortgagee.

The mortgage describes and conveys the property in the usual manner, with the additional description, that it is "the premises whereon the said A. J. Ray (the mortgagor) now lives." It further recites that on the failure of the

Ray v. Wragg et al.

mortgagor to pay the debts secured at maturity, the said mortgagee "shall have the power to take possession of the said property, reserving alone the amount of land which the law exempts as a homestead, and the same may sell," &c. A decree *pro confesso* was taken against the mortgagee, and afterwards a final decree was rendered, subjecting all of the land to the payment of the debts, without any reservation of the homestead, and ordering its sale. The sale was made, and was confirmed, and the sheriff directed to deliver the possession to the purchasers, and hence this appeal.

SAMUEL F. RICE, and JAMES BUELL, for appellant.
WATTS & TROY, *contra.*

B. F. SAFFOLD, J.—In construing contracts the intention of the parties will be carried into effect, so far as the rules of language and the rules of law will permit. A court would not, by construction of a contract, defeat the express stipulations of the parties. It is a rule that the whole contract should be considered in determining the meaning of any or of all its parts. Where one contract is contained in several instruments, the court will read them in such order of time and priority as will carry into effect the intention of the parties, as the same may be gathered from all the instruments taken together.—Parsons on Contracts, Vol. 2, p. 11, 15; *Barton v. Fitzgerald*, 15 East, 541; *Browning v. Wright*, 2 B. & P. 13.

It is plain that the mortgage was not intended to cover the homestead of the mortgagor. The proceedings in bankruptcy have no connection with this case. The mortgagee claims and can claim, in this suit, no other or greater interest than is given him by his contract. The homestead was not mortgaged. It is not liable to the debt, and therefore no decree can be rendered, foreclosing the appellant's right to it. It should have been especially excepted out of the decree, and the register should have been instructed to have it set off to the claimant under the regulations pre-

scribed for sheriffs in similar cases. The quantity and value of the homestead will be ascertained from sections 2880 and 2884 of the Revised Code.

The decree is reversed and the cause remanded.